UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID S. CLARK,                                                      6:12-cv-1953-TC

                     Plaintiff,

                                                                            ORDER

      v.

BEND-LA PINE SCHOOL DISTRICT,

                     Defendant.

COFFIN, Magistrate Judge:

     Plaintiff filed this action on October 11, 2012, in the Circuit Court of Oregon, County of Deschutes alleging retaliation for protected Title IX complaints, wrongful discharge and intentional infliction of emotional distress. Defendant Bend-LaPine School District removed the case to this court on October 31, 2012. On June 25, 2013, plaintiff notified the court he accepted defendant's offer of judgment in the amount of $25,000 plus "all reasonable costs and reasonable attorney fees, incurred prior to the date of this offer, in an amount to be agreed upon by the parties or set by the Court." The parties have not agreed upon a reasonable amount for fees and costs. Accordingly, plaintiff now moves the court for an award of attorney fees and costs.

Page 1 - ORDER

A.   Attorneys' Fees

Plaintiff seeks an award of attorney's fees in the amount of $81,042.60. Defendant objects.

Plaintiff, as the party seeking fees, has the burden of showing that time spent by his attorney was reasonably necessary. Gates v. Deukmajian, 987 F.2d 1392, 1397 (9th Cir. 1992); Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989). In order to support a finding of reasonableness, plaintiff must document the hours spent in the litigation and provide evidence supporting those hours. Gates, 987 F.2d at 1397. Defendant, as the party opposing the fees, must then rebut plaintiff's evidence by "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in [his] submitted affidavits." Id. at 1397-98.

In determining the reasonableness of fees, the court is not required to respond to each specific objection. Id. at 1400. Rather, all that is required is a "concise but clear" explanation of reasons for the fee award. Id.

Calculating a "reasonable attorney's fee" involves a two pronged approach. A court must first calculate a lodestar figure by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1543 (1984). This lodestar figure is presumed to represent an appropriate fee. Under certain circumstances, however, a court may adjust the award upward or downward to take into account the Kerr factors not subsumed within the initial lodestar calculation. Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1988).[1]

---

[1] The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6)

Page 2 - ORDER

Reasonable hourly rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to plaintiff's counsel of record. Blum, 465 U.S. at 897. Blum, instructs courts to look at the prevailing rates in the relevant market. Id. at 895, n. 11. Plaintiff's counsel, Bend, Oregon attorney Roxanne Farra, seeks an hourly rate of $325 for her work and an hourly rate of $140 for the paralegal work of Sara J. Hall. Defendant objects to Ms. Farra's requested rate and assert that she is entitled to no more than $300 per hour.

Plaintiff's counsel has 24 years of experience and has been selected four times as an Oregon super lawyer, which is an accolade reserved for the top five percent of lawyers in Oregon. The most recent Oregon State Bar economic survey (2012) reveals an hourly billing rate of $300 for a lawyer practicing in Eastern Oregon in the 95th percentile with between 21-30 years of experience. However, although Bend is included in the Eastern Oregon area for purposes of the Bar survey, Central Oregon trends somewhere between the more rural Eastern, Oregon and more metropolitan areas in the Willamette valley. Rates exceeding $325 per hour have been awarded to Bend counsel in the past. See, e.g., Ecker v. Norco, Inc., Deschutes County Circuit Court Case No. 07-cv-0027-MA (letter ruling of April 8, 2009 approving $350/hour for attorney with 21 years experience in employment an case). A rate of $325 per hour for counsel's work is reasonable as is the paralegal rate of $140 per hour.

---

whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir 1975). Among the many subsumed factors in the lodestar calculation are the novelty and complexity of the issues involved, the special skill and experience of counsel, and the results obtained. Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988).

Page 3 - ORDER

The fee claimant must next demonstrate that the number of hours spent was reasonable and that counsel made a good faith effort to exclude excessive, redundant, or unnecessary hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Defendant objects to time spent on: (1) research of other District employees and discovery requests; (2) the administrative grievance process; (3) the complaint; (4) initial disclosures; (5) sending and receiving e-mails; (6) internal communications; and (7) discovery requests related to the personal lives of District employees, students, and volunteers.

1. and 7.    Research into District Employees, Students, and Volunteers

Defendants argues that plaintiff's counsel expended excessive time on background checks and social media research regarding the lives of District employees and others. Accordingly, defendant seeks a reduction of half of the approximately 120.6 hours of time dedicated to such endeavors.

Plaintiff is the former head cross-county coach for Summit High School in Bend, Oregon. This case involved allegations by the District that plaintiff engaged in inappropriate communications with his students via Facebook and other postings on social media, inappropriate hosting of student athletes at his home, continued friendships with former student athletes, and displayed an inappropriate preference to female cross-county runners over male runners. Plaintiff alleged that the District smeared him with false allegations and that the real reason it terminated his coaching duties was in retaliation for his complaints of Tile IX violations.

Plaintiff retained counsel when he first feared that the District was setting him up to be fired approximately two months prior to his termination. To prove his claim, plaintiff's counsel needed

Page 4 - ORDER

to uncover evidence of different treatment. Given the all too common reality that other employees would be unwilling to speak for fear of similar retaliation, plaintiff's counsel's strategy to conduct research via LEXIS and social media websites was reasonable. Moreover, given the ever-changing nature of social media accounts, plaintiff's counsel took appropriate action to secure as much information as possible prior to and at the outset of the case in court. Indeed, counsel's research retrieved information that proved highly relevant and supportive of plaintiff's claims and of disparate treatment vis-a-vis social media use, in addition to probative impeachment material.

Initial disclosures also disclosed a large number of people likely to have discoverable information and plaintiff would have been derelict in her representation of her client if she failed to conduct an investigation into the backgrounds of these potential witnesses and comparators. Not only was plaintiff's counsel's research into District employees reasonable, it was necessary. Accordingly, the court declines to reduce the number of hours spent on such tasks.[2]

2.    The Grievance Process

Defendant seeks a reduction of 3.6 hours allegedly spent on the grievance and administrative process. However, plaintiff did not prosecute plaintiff's union grievance, but merely coordinated with plaintiff's union representative to secure relevant information to the claims to be raised in court. The hours spent on activity related to the grievance process are reasonable and the court declines to reduce these hours.

---

[2]Defendant also argues that the amount of time spent in this and other areas is excessive given the results obtained. However, while the District provides little in the way of monetary compensation for coaching duties, the harm to plaintiff's reputation must also be considered and the amount of time is not unreasonable in light of the $25,000 recovery in this case.

Page 5 - ORDER

### 3. Preparation of the Complaint

Defendant argues that counsel spent an excessive 24 hours preparing the complaint. However, defendant includes hours spent on other activities in this number (including hours also requested to be reduced for other reasons such as hours spent coordinating with plaintiff's union representative). Plaintiff's counsel spent about 14.7 hours drafting the 16 page complaint and in light of the heightened pleading standards necessitated by the Iqbal and Twombly line of cases, the time spent drafting the complaint is reasonable in this type of case. The court declines to reduce these hours.

### 4. Initial Disclosures

Defendant contends that fees and costs related to initial disclosures should be denied given the District's offer to waive initial disclosures. However, the purpose of the disclosures required by Fed. R. Civ. P. 26(a)(1) is to minimize discovery costs. The court declines to reduce the hours related to initial disclosures.

### 5. and 6. E-Mail Communications and Internal Communications

Defendant argues that e-mail communications between counsel and her paralegal were excessive. Defendant primarily takes issue with the minimum billing unit of 6 minutes used to bill the e-mails. Of course it is reasonable for counsel and her paralegal to communicate during the course of litigation and a minimum billing unit of .1 hours is also reasonable.

Plaintiff's request for attorney fees is granted in the amount of $81,042.60.

B.     Cost Bill

Plaintiff seeks costs in the amount of $3,314.82. Other than the objections noted above, defendant has no objection to the cost bill. The cost bill is granted in the amount of $3,314,82.

## CONCLUSION

For the reasons stated above, plaintiff's motion for attorneys' fees (#8) is allowed in the amount of $81,042.60, and plaintiff's cost bill (#11) is allowed in the amount of $3,314.82.

DATED this 7th day of October, 2013.

*/s/ Thomas M. Coffin*
THOMAS M. COFFIN
United States Magistrate Judge

Page 7 - ORDER